## * HAYNES v. ORDWAY.

No judgment in a cause is considered as final and conclusive between parties to the same, while a review of the cause in which the judgment was rendered is pending.

No judgment can properly be pleaded in bar or given in evidence as affecting the rights of the same parties in any other suit, while such review is pending.

ASSUMPSIT, by Timothy Haynes against Richard M. Ordway, to recover for the plaintiff's attendance, as a physician, and for medicine furnished during the defendant's illness, beginning                     and ending         .

Some time prior to the date of this writ, Ordway brought case against Haynes for malpractice in that illness, and recovered judgment. Haynes reviewed. Upon review, a verdict was returned for Ordway, which he has moved to set aside. This motion is now pending. Subject to exception, it was ruled, *pro forma*, that the judgment in the malpractice suit was not a bar to the maintenance of this action.

Case reserved.

*Tappan & Mugridge*, for the plaintiff.

*George, Foster & Sanborn*, for the defendant.

SARGENT, J. The trial of a cause upon review "is in its nature a new trial of the issues before tried"—*Burley* v. *Burley*, 6 N. H. 204; and although *technically* the first judgment is not reversed, but a new judgment is rendered, yet it is, in its *nature and effect*, so far a reversal of the former verdict, as the second verdict differs from the first. The second verdict shows the former verdict to have been erroneous by just the amount of that difference—*Avery* v. *Holmes*, 10 N. H. 576; and the *effect* of the second verdict, that upon review, is substantially,

---

* This case was decided at the December term, 1870.      REPORTER.

though not technically, either to reverse the former judgment, or to correct any errors that may have occurred therein.  *Knox* v. *Knox*, 12 N. H. 357.

In the last case, PARKER, C. J., in the opinion, says,—"It seems to have been considered here, and in Massachusetts and some other places, that a party ought not to be finally concluded by a single verdict of a jury in a contested case;" and hence, judgment being rendered on the first verdict, the aggrieved party was at liberty to review the case once as a matter of right.  This has been a provision of the law of the Province and State of New Hampshire for the greater part of the time since 1701 (Prov. Laws of N. H. 27), in actions where an issue of fact has been joined.  The operation of a review on the former judgment is further discussed in *Otis* v. *Currier*, 18 N. H. 87, and in *Little* v. *Bunce*, 7 N. H. 491; and in *Pike* v. *Pike*, 24 N. H. 395, *Badger* v. *Gilmore*, 37 N. H. 459, *Stevens* v. *Sabin*, 20 N. H. 529, *Andrews* v. *Foster*, 42 N. H. 376.

But in *Eastman* v. *Company*, 47 N. H. 71, this question is considered in the argument on page 74, and in the opinion on page 78; and it is there held, that as the same issues are tried on the review as on the original trial, though the jury may have found a verdict on the first trial for the plaintiff, yet on the review they may find one for the defendant, and that it is the final judgment allowed by law which must be regarded as concluding the rights of the parties in such cases.

Such being the law in cases of review, it cannot be said that there is yet any judgment which concludes the rights of the parties in the original action of *Ordway* v. *Haines*.  The plaintiff, to be sure, recovered a verdict at the first trial; but the defendant brought his review, and on a second trial the plaintiff recovered a verdict, but for an amount so much less than the first one, that the plaintiff has taken exceptions, and is trying to have that verdict set aside.  If this should be done, then there would be a new trial upon review, in which case the plaintiff might recover a verdict larger or smaller than before, or the defendant may recover a verdict in his favor;—nothing is decisive until a judgment is rendered upon some verdict obtained on the review.  That is to be considered as the final judgment that must conclude the rights of these parties; and, until that judgment is rendered, there cannot be properly said to be any final judgment in the cause.

Assuming, then, that the position taken by the defendant in this case is correct, that a final judgment in the malpractice case might properly be pleaded in bar in this case—concerning which, however, we express no opinion—still, any judgment which may have been recovered in the other case of *Ordway* v. *Haines* cannot be pleaded as a final judgment, or considered properly as such, so long as the action of review is pending, nor until there shall be a judgment in the action of review.  There is no such final judgment in the malpractice case as will operate as a bar to the maintenance of this suit.

The ruling of the court at the trial term was correct.  The case must be discharged, and the action will     *Stand for trial.*